# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

TERRY JERROD WILLIAMS, :
AIS 266974,
:
    Petitioner,
:
vs.                               CA 16-0462-WS-MU
:
CYNTHIA STEWART,
:
    Respondent.

## REPORT AND RECOMMENDATION

Terry Jerrod Williams, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254.[1] Petitioner is challenging the validity of his September 18, 2014 first-degree robbery, first-degree burglary, and discharging a gun into an occupied area convictions in the Circuit Court of Mobile County, Alabama. On October 23, 2014, he was sentenced to thirty-year terms of imprisonment on the robbery and burglary convictions and twenty years on the gun discharge conviction. All sentences were to run consecutively.

The Alabama Court of Criminal Appeals affirmed Williams' convictions and sentences by unpublished memorandum opinion issued on August 14, 2015. (Doc. 13, Exhibit 4.) Williams' application for rehearing was overruled on September 18, 2015. (Doc. 13, Exhibit 5.) Because Williams did not petition the Alabama Supreme Court for writ of certiorari, the Alabama Court of Criminal Appeals issued a certificate of final

---

[1] This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(R).

judgment of affirmance on October 7, 2015. (Doc. 13, Exhibit 6.) Williams filed a Rule 32 petition in the Circuit Court of Mobile County, Alabama collaterally attacking his convictions and sentences on or about July 1, 2015. (*See* Doc. 13, Exhibits 7 & 8.) The trial court dismissed Williams' collateral petition by order dated December 2, 2015. (Doc. 13, Exhibit 10.) Williams did not appeal the dismissal of his Rule 32 petition (Doc. 13, Exhibit 8 (case action summary sheet).) On August 16, 2016, Williams sought to file a second collateral petition, which accompanied an *in forma pauperis* declaration (*see* Doc. 13, Exhibit 11); however, the trial court denied the declaration by order dated August 18, 2016, and informed petitioner that if the filing fee was not paid within 45 days, his Rule 32 petition would be dismissed (Doc. 13, Exhibit 13). Williams' Rule 32 petition was dismissed on December 19, 2016. (Doc. 13, Exhibit 12.)

In his petition before this Court, filed August 31, 2016 (Doc. 1), Williams' sole claim is that he is actually innocent of first-degree robbery (*id.* at 6). Respondent contends that this claim was not exhausted in the state courts of Alabama and, as a result, this Court is procedurally barred from reaching the merits of petitioner's claim. (Doc. 13, at 6-14).

This cause is before the Court on the petition (Doc. 1) and respondent's answer with attachments (Doc. 13).[2] After careful review, it is clear in this instance that the record contains sufficient facts upon which the issues under consideration may be properly resolved. Therefore, no evidentiary hearing is required. *Compare Means v.*

---

[2] The undersigned entered a show cause order on January 11, 2017, extending to Williams the opportunity to establish that this Court is not barred from reaching the merits of his claim on account of a failure to exhaust this claim in the state courts of Alabama (*see* Doc. 14); however, Williams filed no response to the show cause order (*see* Docket Sheet (reflecting no response to show cause order)).

*Secretary, Department of Corrections,* 433 Fed.Appx. 852, 855 (11th Cir. July 12, 2011) ("[W]here 'the record refutes [a petitioner's] factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.'")[3] (citation omitted)), *cert. denied,* 565 U.S. 1217, 132 S.Ct. 1580, 182 L.Ed.2d 198 (2012) *with Allen v. Secretary, Florida Dep't of Corrections,* 611 F.3d 740, 745 (11th Cir. 2010) ("A district court is not required to hold an evidentiary hearing if the claims 'are merely conclusory allegations unsupported by specifics,' . . . or 'if the record refutes the applicant's factual allegations or otherwise precludes habeas relief[.]'"), *cert. denied,* 563 U.S. 976, 131 S.Ct. 2898, 179 L.Ed.2d 1192 (2011).

## FACTUAL BACKGROUND

On July 15, 2012, Alvin Holifield was at his home on Kellogg Street when he responded to a 4:00 a.m. knock on his door and found Williams–who Holifield knew as Bucket—outside with a set of "dreads on his head." (Doc. 13, Exhibit 1, Vol. I, T.T. 37-39; *see id.* at 43 (Holifield's testimony was that though Williams was often at his house, he had never appeared at his house wearing a set of dreads)). Williams entered Holifield's house and walked into the kitchen. Holifield told Williams to leave his house because the police were looking for him (*id.* at 40-41).[4] Holifield walked Williams to the door and, as he was standing in the doorway, two masked men ran past Williams and stuck guns in the victim's face. (*Id.* at 41.) In the span of two to three minutes, the two masked gunmen took a PlayStation 3 and at least one cell phone from the house. (*Id.* at

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir.R. 36-2.

[4] The trial court informed the jury that the reference to the police by Holifield was to be considered solely with respect to why the witness "said to the Defendant what he said." (*Id.* at 40.)

42.) When Holifield shut the door and locked it, the two men discharged their weapons on the front porch but did not try to reenter the house. (*Id.* at 43; *see id.* at 46-47 & 48 (Holifield's identification of photographs of shell casings and a photograph showing a bullet hole in his front door)).[5]

On cross-examination, Holifield made explicit what was implicit in his testimony on direct-examination, namely that Williams did not take anything from his house and he had no knowledge about whether Williams had a gun; instead, Holifield simply asked Williams to leave his house and Williams left. (T.T. 50.) Holifield also testified that he did not see anything or anyone else outside when he responded to Williams' knock on his door (*id.* at 48-49); however, on re-direct, Holifield testified it was dark outside and, therefore, he did not know whether someone else was with Williams that night (*id.* at 51).[6]

On September 18, 2014, a jury of Williams' peers found him guilty of first-degree robbery, first-degree burglary, and discharging a gun into an occupied area. (Doc. 13, Exhibit 1, Vol. II, at 110; *see also id.* at 111-112 (polling of the jury)). On October 23, 2014, Williams was sentenced to thirty-year terms of imprisonment on the robbery and burglary convictions and twenty years on the gun discharge conviction, with all sentences to run consecutively. (*Id.* at 135-136.)

---

[5] The State pursued an aiding and abetting theory against Williams. (*See id.* at 71-74 & Doc. 13, Exhibit 1, Vol. II, at 75-78.)

[6] The only other witness to testify, Detective Wendell Turner, simply identified a bullet fragment recovered from the scene and testified that fingerprints were taken; however, those prints did not lead to the development of any leads with respect to the two masked gunmen and none of the prints matched those of the defendant. (*See id.* at 54-56.)

Counsel appointed to represent Williams on appeal filed an *Anders* brief, *see Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), specifically noting therein that "[n]o issues were preserved for review on appeal." (Doc. 13, Exhibit 2, at 7.) By order dated March 31, 2015, the Alabama Court of Criminal Appeals advised Williams that his appellate attorney had filed a no-merit brief and extended to him the opportunity to serve the court "with a list of each and every point or issue [he] want[ed] considered in this appeal." (Doc. 13, Exhibit 3.) Williams, however, failed to file any additional issues for the appellate court's consideration (*see* Doc. 13, Exhibit 4, at 2); therefore, the Alabama Court of Criminal Appeals affirmed the trial court's judgment by unpublished memorandum opinion dated August 14, 2015 (*id.* at 1-2). "We have [] reviewed the record in this case in accordance with Anders and have found no basis for reversing the trial court's judgment." (*Id.* at 2.) Williams' application for rehearing was overruled on September 18, 2015. (Doc. 13, Exhibit 5.) Because Williams did not petition the Alabama Supreme Court for writ of certiorari, the Alabama Court of Criminal Appeals issued a certificate of final judgment of affirmance on October 7, 2015. (Doc. 13, Exhibit 6.)

On or about July 1, 2015, Williams filed a Rule 32 petition in the Circuit Court of Mobile County, Alabama, collaterally attacking his convictions and sentences. (*See* Doc. 13, Exhibits 7 & 8.) Williams asserted four claims in this collateral petition, one of which was the argument that his first-degree robbery conviction was due to be vacated based upon newly discovered facts that he was not involved in the robbery. (*See* Doc. 7, at 15.) Williams attached to his Rule 32 petition an undated affidavit of Alvin Holifield, reading, in relevant measure, as follows: "I WITNESSED TERRY WILLIAMS WAS NOT INVOLVED WITH THE 2 MASKED ROBBERS WHO ENTERED MY HOME AND

ROBBED MY RESIDENCE. HE DID NOT HAVE A GUN PERIOD WHEN HE ENTERED MY RESIDENCE AND WHEN HE LEFT MY HOME." (*Id.* at 29.) The trial court dismissed Williams' collateral petition by order dated December 2, 2015. (Doc. 13, Exhibit 10).

> The Petitioner claims newly discovered material facts exist which require that the conviction or sentence be vacated by the Court because the State's witness, Alvin Holifield[,] submitted an affidavit at sentencing[] recanting his trial testimony. This claim fails. In order to prevail on this claim, Petitioner must show each of the following: the facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post trial motion pursuant to Rule 32, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through [t]he exercise of reasonable diligence; and the facts are not merely cumulative to other facts that were known; and the facts do not merely amount to impeachment evidence; if the facts had been known at the time of trial or sentencing, the result would probably have been different; and the facts establish that petitioner is innocent of the crime for which he was convicted or [he] should not have received the sentence that he did.
>
> The affidavit submitted by the Petitioner in support of this claim simply states that the victim, Alvin Holifield, did not see the Petitioner as being involved with the two (2) masked robbers who broke into his residence and Petitioner did not have a gun. Petitioner asserts that this is newly discovered evidence because the victim testified to something different during the trial. Specifically, Petitioner asserts that the victim lied during []his testimony during the trial, implicating him in the offenses charged. The Petitioner further asserts that the victim testified during the trial that he was not sure if the Petitioner had a gun or not, but did not see a gun in the Petitioner's possession.
>
> During the trial of these cases, the victim testified that Petitioner did not take any items and that he (the victim) did not see him with a gun. The victim further testified that the Petitioner was not one of the persons who robbed him. The victim's testimony during the trial basically mirrors the information presented in the affidavit. The Petitioner therefore cannot meet the requirements of R. 32.1(e). Furthermore, Petitioner and his trial counsel were aware of this affidavit at the time of Petitioner's sentencing. This affidavit was marked as the Court's Exhibit on October 23, 2014, which is the date of Petitioner's sentencing.
>
> The Circuit Court Judge discussed this affidavit with Petitioner's trial counsel during sentencing. Petitioner's trial counsel agreed that the affidavit did not contain any new information, but rather reiterated the

> victim's testimony at trial. Thus, contrary to Petitioner's assertions, this affidavit presents no new material facts and does not meet the requirements of Rule 32.1(e).

(*Id.* at 3-4 (internal citations omitted)). Williams did not appeal the dismissal of his Rule 32 petition (Doc. 13, Exhibit 8 (case action summary sheet)). Instead, on August 16, 2016, Williams sought to file a second collateral petition,[7] which accompanied an *in forma pauperis* declaration (*see* Doc. 13, Exhibit 11); however, the trial court denied the declaration by order dated August 18, 2016, and informed petitioner that if the filing fee was not paid within 45 days, his Rule 32 petition would be dismissed (Doc. 13, Exhibit 13). Due to his failure to pay the filing fee, Williams' Rule 32 petition was dismissed on December 19, 2016. (Doc. 13, Exhibit 12.) There is no record evidence that Williams appealed the dismissal of this second Rule 32 petition. (*See id.* (case action summary sheet)).

As previously indicated, Williams filed his petition seeking habeas corpus relief in this Court on August 31, 2016 (Doc. 1), and raised therein the sole claim that he is actually innocent of the first-degree robbery charge (*id.* at 6). The entirety of the "facts" supporting this claim consist of the following: "The petitioner was unlawfully convicted of 1° robbery in which the alleged victim testified at trial that defendant wasn't person who robbed him and even gave an Affidavit to the same to the judge prior to sentencing." (*Id.*) Williams attached to his federal habeas corpus petition the very same

---

[7] Williams asserted in this second Rule 32 petition that he was actually innocent of the offenses of first-degree robbery and first-degree burglary (*see* Doc. 13, Exhibit 11, at 22-25) and, in support thereof, attached the July 15, 2016 affidavit of Alvin Holifield (*see id.* at 26 ("I swear under [] penalty of perjury that I was never robbed by the inmate Terry J. Williams, nor have I ever been threatened by him with or without a weapon, and that some unknown detective approached me trying to get me to say he did but I continued to Affirmatively deny the allegations that he robbed me.")).

affidavit of Alvin Holifield, dated July 15, 2016, that was attached to his second state collateral petition (*compare id.* at 13 *with* Doc. 13, Exhibit 11, at 26).

The respondent properly argued in her answer that Williams failed to exhaust this claim fully in state court and, as a consequence, this Court is prohibited by the procedural default doctrine from considering the merits of this claim (*see* Doc. 13). The undersigned explained the procedural default defense to Williams by order dated January 11, 2017 and extended to him the opportunity to establish cause and prejudice for any procedural default or extraordinary circumstances implicating a fundamental miscarriage of justice (*see* Doc. 14). Williams filed no response to the show cause order. (*See* Docket Sheet.)

## CONCLUSIONS OF LAW

A.   **Freestanding Actual Innocence Claim.**  Initially, the undersigned notes that Eleventh Circuit precedent "forbids granting habeas relief based upon a claim of actual innocence, . . . at least in non-capital cases." *Jordan v. Secretary, Dep't of Corrections*, 485 F.3d 1351, 1356 (11th Cir.) (citing *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002) (other citations omitted)), *cert. denied*, 552 U.S. 979, 128 S.Ct. 450, 169 L.Ed.2d 315 (2007). This Eleventh Circuit precedent is founded, of course, on Supreme Court precedent recognizing that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). In this case, because Williams asserts a freestanding claim of actual innocence in his federal habeas corpus petition (Doc. 1, at 6) and does not link that claim to an independent constitutional violation occurring in the underlying state criminal

proceedings (*see* Doc. 1, at 1-14), his assertion of actual innocence—based, as it is, on the July 15, 2016 affidavit of Alvin Holifield—must fail. *See Herrera, supra.*

  **B.**   <u>**Exhaustion & Procedural Default Doctrines.**</u>  Even if the undersigned was to ignore *Herrera* and its progeny, this Court would not be able to reach the merits of petitioner's claim of actual innocence because of Williams' failure to exhaust this claim fully in the state courts of Alabama.[8] The record makes clear that petitioner was aware of his actual innocence claim based on the trial testimony of the victim, Alvin Holifield, as well as the affidavit Holifield signed prior to Williams' sentencing. Accordingly, petitioner certainly could have asserted this claim both on direct appeal and in his state collateral petitions. Petitioner, however, did not assert the claim on appeal and though he asserted the claim in both of his Rule 32 petitions he did not appeal the denial or dismissal of those state collateral petitions to Alabama's appellate courts (that is, the Alabama Court of Criminal Appeals and the Alabama Supreme Court) and raise this claim in Alabama's appellate courts. (*See* Doc. 13, Exhibits 2-13.)

  As made clear in *Preston, supra*, "[i]t is by now axiomatic that, before seeking habeas relief under § 2254, a petitioner 'must exhaust all state court remedies available for challenging his conviction.'" 785 F.3d at 457, quoting *Lucas v. Secretary, Dep't of*

---

    [8]  Williams' federal habeas petition simply cannot be liberally read as raising a federal sufficiency of the evidence claim before this Court, inasmuch as his sparse petition makes no reference to "sufficiency of the evidence" or deprivations of constitutional rights and does not cite *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) or the standard for assessing sufficiency of the evidence challenges stated therein (*see* Doc. 1, at 6). *Cf. Preston v. Secretary, Florida Dep't of Corrections,* 785 F.3d 449, 458-459 (11th Cir. 2015) (in finding sufficiency of the evidence claim procedurally defaulted, because federal sufficiency of the evidence claim was not presented to the state courts of Florida, the Eleventh Circuit relied on similar observations). Moreover, even if this Court was inclined to read Williams' federal petition liberally, the merits of a federal sufficiency of the evidence claim could not be reached because Williams did not raise such a claim in the state courts of Alabama, either on direct appeal or in either of his collateral state petitions. *See id.* at 451 & 459.

*Corrections,* 682 F.3d 1342, 1351 (11th Cir. 2012) (other citation omitted). "'For a federal claim to be exhausted, the petitioner must have fairly presented [it] to the state courts.'" *Id.,* quoting *Lucas, supra; see O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). Indeed, as recognized by the Eleventh Circuit, "in order to exhaust state remedies [in Alabama] as to a federal constitutional issue, a petitioner is required to file a petition for discretionary review in the state's highest court raising that issue[.]"*Smith v. Jones,* 256 F.3d 1135, 1138 (11th Cir. 2001), *cert. denied,* 534 U.S. 1136, 122 S.C.t 1081, 151 L.Ed.2d 982 (2002); *see also id.* at 1141 ("Because the scope of the Alabama Supreme Court's discretionary review on direct appeal is broader than that of the Illinois Supreme Court, which was the court whose review procedures were involved in the *Boerckel* case itself . . ., Alabama convictions and prisoners clearly come within the scope of the *Boerckel* rule.").

In this case, of course, to the extent the undersigned ignores *Herrera* and recognizes that Williams' actual innocence claim raises a viable federal constitutional issue, it is clear that petitioner did not fully exhaust this claim in the state courts of Alabama because he did not raise the claim in a petition for discretionary review filed in the Alabama Supreme Court. In fact, Williams never asserted this claim in the Alabama Court of Criminal Appeals, much less the Alabama Supreme Court. Accordingly, Williams' failure to exhaust "means that his [putative] federal claim has been

procedurally defaulted." *Preston, supra,* 785 F.3d at 462; *see also McNair v. Campbell,* 416 F.3d 1291, 1305 (11th Cir. 2005) ("It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar."), *cert. denied,* 547 U.S. 1073, 126 S.Ct. 1828, 164 L.Ed.2d 522 (2006); *see Brown v. Thomas,* 2012 WL 12292955, *11 (N.D. Ala. June 11, 2012) ("Because Brown did not give the state 'one full opportunity' to consider his actual innocence claims stemming from Johnson's affidavit, his actual innocence claim would be procedurally barred."), *report & recommendation adopted,* 2013 WL 5934648 (N.D. Ala. Nov. 5, 2013). "'A petitioner who fails to exhaust his claim is procedurally barred from pursuing that claim on habeas review in federal court unless he shows either cause for and actual prejudice from the default or a fundamental miscarriage of justice from applying the default.'" *Preston, supra,* 785 F.3d at 462, quoting *Lucas, supra,* 682 F.3d at 1353; *see also Smith, supra,* 256 F.3d at 1138 ("The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine. If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." (citations omitted)). Because Williams has failed to establish either cause for and prejudice from his procedural default, or that a fundamental miscarriage of justice would result from not considering his forfeited claim, though specifically extended that opportunity (*compare* Doc. 14 *with* Docket Sheet), petitioner is not entitled to federal habeas review of his actual innocence claim. *See Preston, supra,* 785 F.3d at 462 (court found that where the petitioner failed to make a showing, or even attempt to make a showing, of cause for and actual prejudice from the default or a

fundamental miscarriage of justice from applying the default, he could not obtain relief on his *Jackson* claim).

   **C.**  **Certificate of Appealability.**  Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). The instant habeas petition is being denied on procedural grounds, without reaching the merits of Williams' putative constitutional claim, such that "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). Williams' freestanding claim of actual innocence, based on Alvin Holifield's July 15, 2016 affidavit, does not state a ground for federal habeas corpus relief, *see Herrera, supra,* 506 U.S. at 400, 113 S.Ct. at 860, but even if it did state a ground for relief, petitioner has defaulted this claim by failing to fairly present it to the state courts of Alabama and those same courts would now find the claim procedurally barred, *compare Preston, supra,* 785 F.3d at 462 *with McNair, supra,* 416 F.3d 1305; thus, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Williams should be allowed to

proceed further, *Slack, supra,* 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, petitioner is not entitled to a certificate of appealability as to any of the claims he has raised in his habeas corpus petition.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. July 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

For the reasons set forth in the body of this opinion, the Magistrate Judge is of the opinion that petitioner's request for federal habeas corpus relief, filed pursuant to 28 U.S.C. § 2254 (Doc. 1), should be **DENIED**. Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 16th day of March, 2017.

                                              s/P. BRADLEY MURRAY
                                              **UNITED STATES MAGISTRATE JUDGE**